UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THERESE IVERS,<br>PO Box 47<br>Lennox, SD 57039, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GREAT LAKES HIGHER EDUCATION CORPORATION,<br>2401 International Lane, Madison, WI, 53704, GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.,<br>2401 International Lane, Madison, WI, 53704, and GREAT LAKES HIGHER EDUCATION GUARANTY CORP., 2401 International Lane, Madison, WI, 53704,<br><br>            Defendants. | Case No. 3:16-cv-00701<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Therese Ivers (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Great Lakes Higher Education Corporation, Great Lakes Educational Loan Services, Inc., and Great Lakes Higher Education Guaranty Corp. (hereinafter collectively referred to as "Great Lakes") in contacting Plaintiff and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone

1320536.3

Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). Great Lakes violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from Great Lakes's illegal actions for herself and all Class members. Great Lakes harmed Plaintiff and Class members when, among other reasons, Great Lakes illegally invaded their privacy and caused a nuisance.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Great Lakes because it is a Wisconsin corporation with a principal place of business in Madison, Wisconsin, and therefore a resident of the State of Wisconsin for purposes of personal jurisdiction.

5. Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c), because Great Lakes is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Great Lakes contacts with this District are sufficient to subject it to personal jurisdiction.

**PARTIES**

6. Plaintiff Therese Ivers is an individual citizen of the State of South Dakota, who resides in Lennox, South Dakota.

7. Great Lakes Higher Education Corporation is incorporated under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin. In 2013, Great Lakes Higher Education Corporation had a net income after expenses of $173,212,391; in 2014, it had a net income after expenses of $99,987,415.

8. Great Lakes Educational Loan Services, Inc., is incorporated under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin. On information and belief, Great Lakes Educational Loan Services, Inc. is a servicing entity for loans originating with or held by Great Lakes Higher Education Corporation or other affiliated entities.

9. Great Lakes Higher Education Guaranty Corp. is incorporated under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin. On information and belief, Great Lakes Higher Education Guaranty Corp. is the guarantor of Great Lakes federal loans.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

10. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14. The Declaratory Ruling further specifies that a "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."[6]

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10); *accord In the Matter of The Joint Petition Filed by DISH Network, LLC, et al., for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, 2013 FCC LEXIS 2057, at *50 (F.C.C. May 9, 2013) (¶ 38).

**FACTUAL ALLEGATIONS**

15. At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Many years ago, Plaintiff took out student loans with Great Lakes. By 2005, Plaintiff fully and completely paid off these loans, thereby ending her business relationship with Great Lakes. Great Lakes acknowledges that Plaintiff's loans are paid in full. *See* Exhibit 1, attached to this Complaint.

17. On June 21, 2016, at 7:20 p.m., Plaintiff received an automated telephone call on her cellular telephone from the following number: 1-800-236-4300. Plaintiff received additional, similar calls from the same number in July and August 2016. 1-800-236-4300 is prominently displayed on Great Lakes's promotional materials and website, and, on information and belief, is the primary customer service contact number for Great Lakes.

18. During one of the calls, Plaintiff picked up her cellular telephone and, at first, heard only "dead air" – silence on the other end of the phone. Then, a prerecorded (and robotic) voice told her that it was Great Lakes calling, and that Plaintiff should call back "in order to set up a plan." Plaintiff understood this to mean a payment plan for an unpaid or defaulted loan. Plaintiff believes that this same message was played in each of the other calls she received, but she did not listen to the entire message for each of those calls.

19. On or around August 4, 2016, Plaintiff called 1-800-236-4300 in order to stop the calls and was connected to a Great Lakes customer service representative. The customer service representative acknowledged that Plaintiff does not owe Great Lakes any money and claimed that Great Lakes would place Plaintiff's number on Great Lakes's internal Do Not Call list to prevent further calls.

20. Notwithstanding that representation by Great Lakes, on August 17, 2016, at 2:47 p.m., Plaintiff received yet another call from 1-800-236-4300, Great Lakes's primary customer service contact number.

21. Plaintiff then made a written complaint to the Consumer Financial Protection Board ("CFPB") on August 17, 2016 regarding the illegal calls she was receiving from Great Lakes. On August 26, 2016, Plaintiff received a written response from Great Lakes, attached to this complaint as Exhibit 1. In that response, Great Lakes denied that it made any calls to Plaintiff's cellular telephone, and asserted that Plaintiff had been placed on Great Lakes's internal Do Not Call list.

22. Notwithstanding Great Lakes's written representation, the calls to Plaintiff's cellular telephone originated from the automatic dialing equipment of Great Lakes or of a contractor calling on Great Lakes's behalf. The pre-recorded voice directs the recipient to call the 1-800-236-4300 number to resolve his or her "issue"—a number which unquestionably directs the recipient back to a Great Lakes customer service representative.

23. Great Lakes is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

24. All telephone contact by or on behalf of Great Lakes to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

25. The telephone number that Great Lakes called to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

- 6 -

26. Plaintiff did not provide her "prior express consent" allowing Great Lakes to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A). Further, Plaintiff never had the cellular telephone number Great Lakes called when she was a Great Lakes customer, and only obtained it years later, after her loans had been paid in full. She therefore did not and could not have provided it to Great Lakes.

27. Great Lakes's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

28. Great Lakes's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Great Lakes to demonstrate that Plaintiff and all class members provided their prior express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after October 24, 2012, received a non-emergency telephone call from or on behalf of Great Lakes to a cellular telephone through the use of an automatic telephone dialing system or an artificial

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

or prerecorded voice and who did not, at the time of the call, have a balance on a loan maintained or serviced by Great Lakes.

Collectively, all these persons in this Class will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Great Lakes and any entities in which Great Lakes has a controlling interest; Great Lakes agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

32. Plaintiff does not know the exact number of members of the Class, but Plaintiff reasonably believes its number at minimum in the thousands.

33. Plaintiff and all members of the Class have been harmed by the acts of Great Lakes. Great Lakes's unlawful calls harmed Plaintiff and Class members by (1) invading their privacy; (2) causing a nuisance; (3) intruding upon and occupying the capacity of their cell phones; (4) wasting Class members' time or causing the risk of personal injury due to interruption and distraction; and (5) depleting their cellular telephone batteries. Moreover, Plaintiff also was distressed to hear from Great Lakes that her loan from Great Lakes – which she believed to have been paid off and which was, in fact, paid off – could be in default somehow.

34. Plaintiff seeks injunctive relief and statutory money damages for herself and all Class members.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. Members of the Class can be identified easily through records maintained by Great Lakes and/or its agents.

36. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the Class. The common questions of law and fact with regard to the Class include, but are not limited to, the following:

    a. Whether Great Lakes and/or its agents made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether Great Lakes can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

    c. Whether Great Lakes' conduct was knowing and/or willful;

    d. Whether Great Lakes is liable for damages, and the amount of such damages; and

    e. Whether Great Lakes should be enjoined from engaging in such conduct in the future.

37. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each member of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

38. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Great Lakes to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Great Lakes is small because the statutory damages in typical individual actions for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class action cases, as the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones. Indeed, in the Seventh Circuit, class certification in TCPA actions is "normal."[8]

40. Great Lakes has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(a)(1) and/or (b)(1)(A)**

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. The foregoing acts and omissions of Great Lakes constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

---

[8] *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

above-cited provisions of 47 U.S.C. § 227(a)(1) and/or (b)(1)(A), which prohibit automated calls and/or pre-recorded messages to cellular telephones without prior express consent.

43. As a result of Great Lakes knowing and/or willful violations of 47 U.S.C. § 227(a)(1) and/or (b)(1)(A), Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Great Lakes in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 47 U.S.C. § 227(a)(1) and/or (b)(1)(A)

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The foregoing acts and omissions of Great Lakes constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 22747 U.S.C. § 227(a)(1) and/or (b)(1)(A), which prohibit automated calls and/or pre-recorded messages to cellular telephones without prior express consent.

47. As a result of Great Lakes violations of 47 U.S.C. § 22747 U.S.C. § 227(a)(1) and/or (b)(1)(A), Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Great Lakes violation of the TCPA in the future.

49. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Great Lakes:

A. Injunctive relief prohibiting such violations of the TCPA by Great Lakes in the future;

B. As a result of Great Lakes willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Great Lakes violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of reasonable attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable.

1320536.3

Dated: October 24, 2016  Respectfully submitted,

By: */s/ Jonathan D. Selbin*
 Jonathan D. Selbin

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

MEYER WILSON CO., LPA
Matthew R. Wilson
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066


PINES BACH LLP
Lester A. Pines, SBN 1016543
Email: lpines@pinesbach.com
Tamara B. Packard, SBN 1023111
Email: tpackard@pinesbach.com
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (866) 443-8661
Facsimile: (608) 251-2883

*Attorneys for Plaintiff and the Proposed Class*

- 13 -

1320536.3